# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTINA DIANE HAYES,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-0752-17-0038-C-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DATE: June 24, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Christina Diane Hayes</u>, Gahanna, Ohio, pro se.

<u>Demetrious A. Harris</u>, Esquire, Dayton, Ohio, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement of the May 17, 2017 settlement agreement resolving her removal appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the compliance

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

The agency removed the appellant from her Nursing Assistant position effective September 16, 2016, for refusing a reasonable suspicion drug test. *Hayes v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-17-0038-I-1, Initial Appeal File (IAF), Tab 1 at 8-16. She timely appealed her removal to the Board. IAF, Tab 1. On May 16, 2017, the parties entered into a settlement agreement resolving the appeal. IAF, Tab 16. In relevant part, the settlement agreement provided that the appellant would withdraw her appeal and other pending actions against the agency and that the agency would take the following actions: (1) convert the basis for the appellant's removal to "Medical Inability to Perform" and process the applicable Standard Form (SF) 50 reflecting this change within 20 business days of the execution of the settlement; (2) rescind any previous SF-50 or SF-52 referencing the previous basis for the removal; and (3) assist the appellant with applying for disability retirement, defining "assist" as advising her about the disability retirement process and completing the agency portion of any forms needed to apply for this type of retirement. *Id.* On June 23, 2017, the administrative judge issued an initial decision accepting the settlement agreement into the record for purposes of enforcement and dismissing the appeal as settled. *Hayes v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-17-0038-I-1, Initial Decision (June 23, 2017); IAF, Tab 21.

On March 5, 2019, the appellant filed a petition for enforcement of the settlement agreement but did not specify how she believed the agency breached the agreement. *Hayes v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-17-0038-C-1, Compliance File (CF), Tab 1. The administrative judge issued a compliance acknowledgment order informing the appellant that it was her burden to prove by preponderant evidence that the agency breached the settlement agreement, ordering the agency to submit proof of compliance within

15 days, and allowing the appellant 15 additional days to respond to the agency's submission. CF, Tab 2. In response, the agency argued that it had complied with the settlement agreement and submitted two SF-50s dated within 20 days of the settlement agreement reflecting that the agency cancelled the appellant's prior removal and replaced it with one for medical inability to perform, both effective September 16, 2016. CF, Tab 3. The appellant did not respond.

Approximately 1 month later, the administrative judge issued an order scheduling a preliminary status conference and instructing the parties to dial the provided call-in number and enter a particular participant code to participate in the teleconference. CF, Tab 4. The agency moved to reschedule the status conference due to a conflict and provided three alternate dates, along with evidence showing that the agency representative consulted the appellant by email about her availability and that she stated she was available on April 24, 2019. CF, Tab 5. The administrative judge rescheduled the preliminary status conference to April 24, 2019, at 2 p.m., and again provided the call-in number and participant code for the parties to join the teleconference. CF, Tab 6. The appellant did not appear for the status conference. CF, Tab 7, Compliance Initial Decision (CID) at 3. The administrative judge indicated that she called the appellant at the number provided to the Board but that she received a message stating that the number was not in service. *Id.*

In a compliance initial decision dated April 25, 2019, the administrative judge found that the agency produced relevant, material, and credible evidence of its compliance with the settlement agreement. *Id.* On the other hand, she found that the appellant failed to meet her burden to show breach, explaining that she offered "nothing, not even a statement as to which, if any, terms she contends the agency breached." *Id.* Accordingly, she denied the appellant's petition for enforcement. CID at 4.

The appellant has timely filed a petition for review of the compliance initial decision, asserting that she was ready and available on the dates and times

proposed by the agency representative for the rescheduled status conference but that she did not receive a call. *Hayes v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-17-0038-C-1, Compliance Petition for Review (CPFR) File, Tab 1. The agency has not responded.

As noted in the July 12, 2019 order issued by the Acting Clerk of the Board, it appears that the pleadings and issuances from the compliance proceeding below were not electronically served on the appellant at the new email address she provided in her petition for enforcement. CPFR File, Tab 4. On review, the Office of the Clerk of the Board served the appellant with all issuances and pleadings in this compliance matter at her new designated email address and informed her that she could also access all pleadings and issuances via e-Appeal. *Id.* Because it appears that the appellant did not receive any pleadings or issuances in the compliance proceeding below or the phone call from the administrative judge, we find it appropriate to vacate the compliance initial decision and to remand this compliance appeal for further adjudication. On remand, the administrative judge shall reissue the order setting forth the applicable law and the appellant's burden of proof and afford her another opportunity to respond to that order and to the agency's evidence of compliance before issuing a new compliance initial decision.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.